UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELICIA KNEADLER,<br><br>    Plaintiff,<br><br> v.<br><br>AUBURN SCHOOL DISTRICT,<br><br>    Defendant. | CASE NO. C20-1008 MJP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS |

This matter comes before the Court on Defendant's Motion for Sanctions. (Dkt. No. 25.) Having reviewed the Motion, Plaintiff's Opposition (Dkt. No. 31), the Reply (Dkt. No. 33) and all supporting materials, the Court DENIES the Motion for Sanctions.

**BACKGROUND**

Defendant claims that Plaintiff and her counsel left Plaintiff's deposition prematurely and seeks an order requiring Plaintiff to sit for an additional three hours. Defendant also asks the court to admonish Plaintiff's counsel for terminating the deposition. Plaintiff disputes the premise of the Motion. Plaintiff points out that Defendant scheduled the deposition to start at

10:00 AM and end at 5:00 PM on Friday July 30, 2021 and that Plaintiff accommodated Defendant by allowing it to run to 5:30. Plaintiff asserts that due to her own medical conditions and counsel's need to provide care to her partner with stage four cancer, they could not continue the deposition past 5:30. Plaintiff and her counsel also aver that they offered to be available for a continued deposition on Monday August 2, 2021. Defendant did not accept this proposal and insists that it always sought to have a full 7-hour deposition. And citing the August 2, 2021 discovery cutoff and counsel's limited availability on August 2, Defendant rejected the August 2, 2021 proposal. Defendant proposed to continue the deposition over the weekend, which Plaintiff rejected. Defendant then filed this motion.

## ANALYSIS

The Court finds no basis on which to sanction Plaintiff or her counsel. While Rule 30(d)(2) permits depositions to last for seven hours, Defendant has only itself to blame for not making use of all seven hours. Defendant knew that Plaintiff was not available until 10:00 AM on the day of the deposition and the calendar invitation for the deposition clearly stated that it would terminate at 5:00 PM. While Defendant points to correspondence suggesting it wanted a "full day" deposition, it points to no evidence that it took any steps to ensure that Plaintiff and her counsel would actually be available after 5:00 PM. Defendant also rejected Plaintiff's reasonable proposal to continue the deposition to the next business day, which would have accommodated both Plaintiff and her counsel's significant medical-related needs. Even if this day was not convenient to defense counsel, Plaintiff's offer demonstrated her willingness to provide the discovery sought. And the Court would have seriously entertained a request to briefly extend the case schedule to accommodate the continued deposition had Defendant sought guidance from the Court. Instead of picking up the phone (see Local Rule 7(i)), Defendant took

pen to paper to seek sanctions on a record that showcases Defendant's failure to plan ahead and refusal to act reasonably. Sanctions are inappropriate given this record.

That said, the Court holds Plaintiff at her word that she will sit for a continued deposition to provide Defendant with a full seven hours on the record. The Parties must work together to schedule the deposition and agree on all necessary arrangements. The Court reminds both parties that they must work cooperatively and creatively to move this case forward and avoid engaging in petty disputes that could easily be resolved by clear thinking or with minimal assistance of the Court. Subject to this caveat, the Court DENIES the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 23, 2021.

Marsha J. Pechman
United States Senior District Judge